IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHARON WILLIAMS, derivatively, on behalf of NCR CORPORATION,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>)<br>v.  )<br>)<br>WILLIAM R. NUTI, ROBERT )<br>FISHMAN, JENNIFER DANIELS, )<br>EDWARD P. BOYKIN, RICHARD L. )<br>CLEMMER, GARY DAICHENDT, )<br>ROBERT P. DeRODES, and LINDA )<br>FAYE LEVINSON,  )<br>)<br>Defendants,  )<br>)<br>-and-  )<br>)<br>NCR CORPORATION,  )<br>)<br>Nominal Defendant.  )<br>_____  ) | CIVIL ACTION FILE<br>NO. 1:13-cv-01400-SCJ<br><br>AS REMOVED FROM THE<br>SUPERIOR COURT OF<br>GWINNETT COUNTY,<br>GEORGIA<br>Case No. 13A-02709-2 |

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

   (a) Describe briefly the nature of this action.

   **By Plaintiff**: This is a shareholder derivative action brought for the benefit of nominal defendant NCR Corporation ("NCR" or the "Company") against certain members of its Board of Directors and executive officers (collectively, "Defendants") seeking to remedy Defendants' alleged breaches of fiduciary duties.

**By Defendants**:  Plaintiff styles this case as a shareholder derivative claim, and alleges breaches of fiduciary duties by eight directors and officers of NCR.  NCR is named only as a nominal defendant.

(b) Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence:

**By Plaintiff**:  Plaintiff alleges the Defendants breached their fiduciary duties by knowingly causing the Company to engage in a multi-year illegal scheme in which NCR violated sanctions against Syria and anti-bribery laws in China and the Middle East.  Specifically, from at least 2004 to the present, Plaintiff contends the Defendants orchestrated a scheme to allow the Company's business practices to violate United States' trade embargos in Syria and the Foreign Corrupt Practices Act in China and the Middle East Africa region. In addition to the sanctions violations in Syria, Plaintiff also alleges that the Defendants caused NCR to violate U.S. anti-corruption laws by giving gifts to influential government officials in China and the Middle East in order to secure lucrative government contracts.  Plaintiff submits that as a direct and proximate result of the Defendants' breaches of fiduciary duties, NCR has sustained damages, including, but not limited to, the costs and expenses incurred as a result of multiple government investigations and an internal investigation by NCR into the wrongdoing.

**By Defendants**:  NCR is a 125 year old corporation that has moved from its cash register roots to selling ATMs and other electronic devices and related services used in businesses worldwide.  NCR currently has over 25,000 employees located in over 60 countries.   The individual defendants are directors or officers of NCR.
   Plaintiff alleges that NCR has violated the Foreign Corrupt Practices Act ("FCPA") and the August 2011 Executive Order promulgated under the Syrian Sanctions Regulations.  Every one of the plaintiff's allegations is based on (a) an August 12, 2012 Wall Street Journal article, (b) a blog posted by the author of the article, or (c) NCR's filings with the SEC.  None of the article, the blog, the filings, or the complaint alleges any participation by any of the individual defendants in any of the actions complained about.
   On August 29, 2012, counsel for plaintiff sent a derivative demand letter to NCR's Board of Directors, tracking the whistleblower's anonymous and unproven allegations.  On September 20, 2012, plaintiff's counsel was informed that the Board of Directors had appointed an independent Special Committee of two

independent directors (the "Special Committee"). The Special Committee retained counsel, and with their counsel considered plaintiff's demand. Counsel for the Special Committee also requested that the plaintiff provide any additional information that plaintiff or her counsel had obtained concerning the subject matter of the investigation. She provided nothing. On February 20, 2013, counsel for the Special Committee wrote to counsel for the plaintiff rejecting her demand.

The Special Committee's investigation encompassed over 50 interviews, the review of tens of thousands of pages of documents, the review of the company's own investigation of the whistleblower allegations, the analysis of relevant legal issues, and the evaluation of the central allegations that the named directors and officers of NCR violated their fiduciary duties. The Special Committee found that the named officers and directors did not breach their fiduciary duties to the company and that it would not be in the best interest of the company to bring suit against the named officers and directors. The Board of Directors agreed. Plaintiff filed this action on March 27, 2013. The only damage alleged is the money spent on the internal investigations caused by the whistleblower and by the plaintiff herein.

(c) The legal issues to be tried are as follows:

**By Plaintiff**: The key legal issues in this case include, without limitation, whether the Defendants committed breaches of fiduciary duties pursuant to Maryland law as NCR is a Maryland corporation; and whether the Special Committee is independent and performed a reasonable and good faith investigation in refusing Plaintiff's demand.

**By Defendants**: To the extent that these matters are not resolved by motion, the primary legal issues to be tried are (i) whether plaintiff's complaint fails to meet the *Twombly* and *Iqbal* pleading standards; (ii) whether plaintiff's complaint fails to state a claim for breach of fiduciary duty; (iii) whether plaintiff's complaint fails to allege actionable conduct because Maryland's formulation of the business judgment rule presumes the defendants acted in good faith and in NCR's interest; (iv) whether plaintiff's complaint fails to allege specific facts sufficient to rebut that presumption and to give rise to liability; (v) whether the exculpatory language of NCR's corporate charter exculpates the defendants for the conduct complained of; (vi) whether defendants' actions caused any of the damages complained of in the complaint; (vii) whether plaintiff's purported damages may be recovered as a remedy for the alleged breaches of duty; (viii) whether this suit is barred by the

finding of the special committee and NCR's Board that there was no breach of fiduciary duty and that pursuit of this litigation is not in the best interest of NCR; (ix) whether the conduct alleged is a violation of the FCPA; and (x) whether the conduct of anyone other than the defendants caused the loss, or any portion of the loss, complained of in the complaint.  Defendants reserve the right to raise other legal issues as may be appropriate during the litigation of this case.

    (d) The cases listed below (include both style and action number) are:

        (1) Pending Related Cases:  None

        (2) Previously Adjudicated Related Cases:  None

**2.** This case is complex because it possesses one (1) or more of the features listed below (please check);

| | | |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| _____ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| __X__ | (7) | Pending parallel investigations or action by government |
| __X__ | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| _____ | (11) | Unusually complex discovery of electronically stored information |

**3.   Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff**:  Ligaya T. Hernandez, Esq.

**Defendants**:  John G. Despriet, Esq.

4.   **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

**By Plaintiff**:
__Yes  _X_No

**By Defendants**:
__Yes  _X_No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

5.   **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

**By Plaintiff**:  None

**By Defendants**:  None

(b) The following persons are improperly joined as parties:

**By Plaintiff**:  None

**By Defendants**:  None

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**By Plaintiff**:  None

**By Defendants**:  None

5

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**By Plaintiff**:  On May 20, 2013 counsel for Plaintiff was contacted by a NCR whistleblower regarding new allegations of NCR's business practices violating sanctions in Syria and anti-bribery laws in China and the Middle East, which arise from the same facts alleged in Plaintiff's complaint.   Based on these new allegations, Plaintiff anticipates amending her complaint.  Plaintiff will submit the amended complaint no later than June 25, 2013, which amendment is unopposed by Defendants.

**By Defendants**:  None.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within twenty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.   Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

**By Plaintiff & Defendants**:  Both parties have agreed to provide initial disclosures 21 days after the Court has ruled on Defendants' motion to dismiss.

**9.   Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**By Plaintiff**:     None

**By Defendants**:   None

**10.   Discovery Period:**

The discovery period commences thirty days after the appearance of the first Defendants by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**By Plaintiff**:  Plaintiff proposes that Special Committee discovery be allowed in connection with any motion to dismiss filed by the Defendants based on the actions of the Special Committee.

**By Defendants**:  None at this time.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**By Plaintiff & Defendants**:  All parties have agreed that merits discovery should not commence until 21 days after the Court has ruled on Defendants' motion to dismiss.

## 11.  Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**By Plaintiff**:  Because the parties agree that merits discovery should not commence until 21 days after the Court has ruled on Defendants' motion to dismiss, the parties will meet and confer about this issue at that time.

**By Defendants**:  None

(b) Is any party seeking discovery of electronically stored information?

**By Plaintiff**:
_X_Yes  __No

**By Defendants**:
_X_Yes  __No
If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**By Plaintiff & Defendants**:  The parties will continue to discuss this issue consistent with their agreement that merits discovery be delayed until 21 days after the Court has ruled on Defendants' motion to dismiss and will update this initial Joint Preliminary Report and Discovery Plan at that time.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**By Plaintiff & Defendants**:  The parties will continue to discuss this issue consistent with their agreement that merits discovery be delayed until 21 days after the Court has ruled on Defendants' motion to dismiss and will update this initial Joint Preliminary Report and Discovery Plan at that time.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**By Plaintiff**:  None at this time.

**By Defendants**:  None at this time.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 21, 2013 and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:      Lead counsel (signature)   /s/ Ligaya T. Hernandez
                    Other participants:  Michael I. Fistel, Marshall P. Dees

For Defendants:     Lead counsel (signature)   /s/ John G. Despriet
                    Other participants:  James E. Connelly, Julie E. Adkins

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_X_) A possibility of settlement before discovery.
(___) A possibility of settlement after discovery.
(___) A possibility of settlement, but a conference with the judge is needed.
(___) No possibility of settlement.

(c) Counsel (_X__) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is May 28, 2013.

(d) The following specific problems have created a hindrance to settlement of this case:  None at this time.

**14.    Trial by Magistrate Judge:**

The parties do **not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted, this 28th day of May, 2013.

        WOMBLE CARLYLE SANDRIDGE & RICE
        *A Limited Liability Partnership*

        /s/ John G. Despriet_____
        John G. Despriet
        Georgia Bar No. 219437
        Julie E. Adkins
        Georgia Bar No. 871742
        271 17th Street, NW, Suite 2400
        Atlanta, Georgia  30363-1017
        Tel:  (404) 872-7000
        Fax:  (404) 888-7490
        JDespriet@wcsr.com
        JConnelly@wcsr.com
        JAdkins@wcsr.com

        ***Attorneys for NCR Corporation, William R. Nuti, Robert Fishman, Jennifer Daniels, Edward P. Boykin, Richard L. Clemmer, Gary Daichendt, Robert P. DeRodes, and Linda Faye Levinson***

        FARUQI & FARQUI, LLP

        /s/ Ligaya T. Hernandez_____
        Ligaya T. Hernandez
        Michael J. Hynes
        101 Greenwood Avenue, Suite 600
        Jenkintown, Pa 19046
        Tel:  (215) 277-5770
        Fax:  (215) 277-5771

lhernandez@faruquilaw.com
mhynes@faruquilaw.com


HOLZER HOLZER & FISTEL, LLC
Michael I. Fistel, Jr.
Georgia Bar No. 364698
Marshall P. Dees
Georgia Bar No. 105776
200 Ashford Center North
Suite 300
Atlanta, Georgia 30338
Tel:  (770) 392-0090
Fax:  (770) 392-0029
mfistel@holzerlaw.com
mdees@holzerlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the within and foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN was filed with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

  Michael I. Fistel, Jr., Esq.
  Marshall P. Dees, Esq.
  Holzer Holzer & Fistel, LLC
  200 Ashford Center North, Suite 300
  Atlanta, GA  30338

  Michael J. Hynes, Esq.
  Ligaya Hernandez, Esq.
  Faruqi & Faruqi, LLP
  101 Greenwood Avenue, Suite 600
  Jenkintown, PA  19046

A true and correct copy of the within and foregoing has also been served on the following persons by placing same in the United States postal service with proper postage affixed thereto and addressed to the following:

| | |
|---|---|
| Beth A. Keller, Esq. | Debra Sue Goodman, Esq. |
| Faruqi & Faruqi, LLP | Law Office of Debra S. Goodman, P.C. |
| 369 Lexington Avenue, 10th Floor | 1301 Skippack Pike, Suite 7A #133 |
| New York, NY  10017 | Blue Bell, PA  19422 |

      This 28th day of May, 2013.

                                      */s/ John G. Despriet*
                                      John G. Despriet