# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SHARON WILLIAMS, derivatively, on behalf of NCR CORPORATION, ) ) ) | |
| Plaintiff, ) ) ) | CASE NO. 1:13-CV-01400-SCJ |
| v. ) ) | |
| WILLIAM R. NUTI, ROBERT FISHMAN, JENNIFER DANIELS, EDWARD P. BOYKIN, RICHARD L. CLEMMER, GARY DAICHENDT, ROBERT P. DeRODES, and LINDA FAYE LEVINSON, ) ) ) ) ) ) ) ) | |
| Defendants, ) ) | |
| -and- ) ) | |
| NCR CORPORATION, ) ) | |
| Nominal Defendant. ) _____ ) | |

## [Proposed] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Court's Order Preliminarily Approving Settlement, Approving Notice of Settlement, and Setting Schedule dated _____ (the "Preliminary Order"), on the application of

the Settling Parties (as defined in ¶ 1.22 of the Stipulation) for final approval of the settlement (the "Settlement") as set forth in the Stipulation of Settlement dated January 22, 2014 (the "Stipulation").  Due and adequate notice having been given to the Current NCR Shareholders as required in said Preliminary Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

    1.    This Final Judgment and Order of Dismissal with Prejudice (the "Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.  A true and correct copy of the Stipulation is attached hereto as **Exhibit A**.

    2.    This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

    3.    The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Stipulation provides substantial benefits to NCR and the Current NCR

Shareholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4. The Court further finds that the Summary Notice of Settlement of NCR Corporation Derivative Action and Settlement Hearing published in the *Investor's Business Daily* and the Notice of Settlement of NCR Corporation Derivative Action and Settlement Hearing posted on NCR's website provided the best notices practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notices fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

5. The Action, and all claims contained therein, and the Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed on the merits with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Plaintiff, on her own behalf and derivatively on behalf of NCR, Plaintiff's Counsel, NCR, and the Current NCR Shareholders, and anyone claiming through or for the benefit of any of them, have and by operation of this Judgment are deemed to have, released and forever discharged each and every Released

Claim (including Unknown Claims) and are forever enjoined and permanently barred from instituting, commencing, prosecuting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims against the Released Persons.  Nothing herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Judgment.

7. Each of the Individual Defendants and NCR, and anyone claiming through or for the benefit of any of them, have and by operation of this Judgment are deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiff and Plaintiff's Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, settlement, or resolution of the Action or the Demand.  Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Judgment.

8. Notwithstanding any other provision of this Judgment to the contrary, nothing in this Judgment shall be construed to (i) release, discharge, extinguish, or otherwise compromise any claims or potential claims that NCR or any person who is or was a Defendant in the Action may have for indemnity or under or relating to any policy of liability or other insurance, or (ii) release any insurer, co-insurer, or reinsurer from any obligation owed to NCR or any person who is or was a

4

Defendant in the Action for indemnity or coverage under or relating to any policy of liability or other insurance.

9.  The Court finds that the Fee Award of $_____ is fair and reasonable and in accordance with the Stipulation, and finally approves the Fee Award.  Plaintiff's Counsel shall be solely responsible for the allocation of each counsel's contribution to the initiation, prosecution, and/or resolution of the Action.

10.  Neither the Stipulation (including any exhibit attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a presumption, a concession or an admission of, or evidence of, the validity of any Released Claims, or of any fault, wrongdoing, liability, or knowledge of the Individual Defendants or NCR; or (b) is intended to be offered or received as evidence or used by any other Person in any other action or proceedings, whether civil, criminal, or administrative agency, or other tribunal.  The Settling Parties or their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or

reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Stipulation and the Settlement; and (b) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation.

12. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58. The effectiveness of this Judgment and the obligations of Plaintiff, NCR, and the Defendants under the Stipulation and the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of the award of attorneys' fees and expenses to Plaintiff's Counsel. Provided, however, that if the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED, this ____ day of _____, 2014.

_____
HON. STEVE C. JONES
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA