# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SHARON WILLIAMS, derivatively, on behalf of NCR CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM R. NUTI, ROBERT FISHMAN, JENNIFER DANIELS, EDWARD P. BOYKIN, RICHARD L. CLEMMER, GARY DAICHENDT, ROBERT P. DeRODES, and LINDA FAYE LEVINSON, )<br>)<br>Defendants, )<br>)<br>-and- )<br>)<br>NCR CORPORATION, )<br>)<br>Nominal Defendant. )<br>_____ ) | CASE NO. 1:13-CV-01400-SCJ |

## NOTICE OF SETTLEMENT OF NCR CORPORATION DERIVATIVE ACTION AND SETTLEMENT HEARING

TO: **ALL OWNERS OF NCR CORPORATION ("NCR" OR THE "COMPANY") COMMON STOCK AS OF JANUARY 22, 2014 ("CURRENT NCR SHAREHOLDERS").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF SHAREHOLDER DERIVATIVE LITIGATION**

**AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.**

**YOU ARE HEREBY NOTIFIED** that the Parties to the above-captioned derivative action, as set forth in *Williams v. Nuti et al.*, Civil Action No. 1:13-cv-01400-SCJ (the "Action"), have reached a settlement (the "Settlement") to resolve the issues raised in the Action.  The Settlement, if approved by the Court, would fully, finally and forever resolve the Action on the terms set forth in the Stipulation of Settlement ("Stipulation") and summarized in this Notice, including the dismissal of the Action with prejudice.  For a more detailed statement of the matters involved in the Action, the Settlement, and the terms discussed in this Notice, the Stipulation may be inspected at the Office of the Clerk of the United States District Court for the Northern District of Georgia located at the Richard B. Russell Federal Building and Courthouse, 75 Spring Street, SW, Atlanta, Georgia 30303, during regular business hours of each business day.

As explained below, a hearing (the "Settlement Hearing") will be held before this Court on _____, 2014 at __.m. to determine whether, among other issues, the Settlement is fair, reasonable, adequate, and should be finally approved by the Court.  You have the right to object to the Settlement in the manner provided herein.  If you fail to object in the manner provided herein ***at least fourteen (14) calendar days prior to the Settlement Hearing***, you will be deemed to have waived your objections and will be bound by

2

the Judgment to be entered and the releases to be given, unless otherwise ordered by the Court.

This Notice is not intended to be and should not be construed as an expression of any opinion by the Court with respect to the merits of the claims made in the Action, but is merely to advise you of the Settlement and of your rights as a Current NCR Shareholder.

## I. DEFINITIONS USED IN THIS NOTICE

1. "Current NCR Shareholders" means all record and beneficial owners of NCR common stock as of January 22, 2014, and who continue to hold their shares through the date the Judgment is entered.

2. "Defendants" means, collectively, nominal corporate defendant NCR and the Individual Defendants (as defined below).

3. "Effective Date" means the first date by which all of the events and conditions specified in Section 7.1 of the Stipulation have occurred.

4. "Individual Defendants" means, collectively, William R. Nuti, Robert Fishman, Jennifer Daniels, Edward P. Boykin, Richard L. Clemmer, Gary Daichendt, Robert P. DeRodes, and Linda Fayne Levinson.

5. "Judgment" means the judgment to be rendered by the Court, substantially in the form attached as Exhibit A to the Stipulation, or as modified pursuant to agreement of the Settling Parties.

3

6.     "Plaintiff" means Sharon Williams, for herself and derivatively on behalf of NCR.

7.     "Plaintiff's Counsel" means, collectively, Faruqi & Faruqi, LLP and Holzer & Holzer, LLC, and any successors to said counsel.

8.     "Released Claims" means, collectively, all claims (including "Unknown Claims" as defined below), demands, rights, actions or causes of action of every nature and description whatsoever, rights, liabilities, damages, losses, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been, could have been, or in the future could or might be asserted in the Action or in any court, tribunal, or proceeding (including, but not limited to, any claims arising under federal or state statute, rule or regulation, or under any principle of common law relating to alleged fraud, breach of fiduciary duty, bad faith, negligence, or gross negligence) by Plaintiff, NCR, or by any Current NCR Shareholder derivatively on behalf of NCR, against any or all Released Persons, which have arisen, could have arisen, arise now, or hereafter arise out of, or relate in any manner to the claims, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, or failures to act that were alleged or could have been alleged in the Action, any demands made on NCR's board of directors related

to the allegations in the Action, or any of the complaints filed at any time in the Action, or that relate to or pertain in any respect to (1) the Foreign Corrupt Practices Act, trade sanctions, and export controls with respect to NCR's activities in Asia, Africa, Europe, and the Middle East from 2004 through and including 2013; (2) NCR's internal operating procedures and practices relating to complying with the foregoing; (3) the supervision, management, and policies of NCR and NCR's officers, directors, and employees with regard to the foregoing; and (4) any disclosure obligations or alleged misstatements or omissions related to the foregoing.  Notwithstanding the foregoing, the Released Claims do not include any rights or claims that NCR or its present or former officers and directors have or may have against any insurers or reinsurers or any right or claim that the Released Persons may have for indemnification by NCR.

9.     "Released Persons" means each and all of the Defendants and any of NCR's past or present directors, emeritus directors, officers, employees, agents, or representatives, including any of their families, employees, attorneys, accountants, financial advisors, insurers, consultants, agents, estates, partners, predecessors, successors, assigns, and heirs, and any entities in which any of the Defendants has a controlling interest.

5

10.    "Settling Parties" means each of the Individual Defendants, NCR, Plaintiff, individually on behalf of herself and derivatively on behalf of NCR, and the Current NCR Shareholders, derivatively on behalf of NCR.

11.    "Unknown Claims" means any Released Claims that any party granting a release does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, including claims which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties and NCR shall expressly waive or shall be deemed to have, and by operation of the Settlement and Stipulation shall have, expressly waived, the provisions, rights and benefits of California Civil Code § 1542 and any and all provisions, rights, and benefits conferred by any law of any jurisdiction or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. The Settling Parties or NCR may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, the Settling Parties and NCR shall expressly settle and release or shall be deemed to have, and by operation of the Judgment

shall have, fully, finally, and forever settled and released any and all Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge or shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## II.   BACKGROUND OF THE DERIVATIVE ACTION

On August 29, 2012, Plaintiff made a litigation demand (the "Demand") on NCR's Board of Directors (the "Board"), claiming that the Individual Defendants knowingly caused or allowed NCR to violate the Foreign Corrupt Practices Act ("FCPA") and various federal trade restrictions and sanctions and demanding that the Board investigate and commence an action against the Individual Defendants for breach of fiduciary duty. On or about September 20, 2012, counsel for Plaintiff received a letter from counsel for a Special Committee of the Board informing Plaintiff that NCR had formed a Special Committee to investigate the allegations in the Demand. On or about February 20, 2013, Plaintiff's counsel received a

letter from counsel for the Special Committee stating that based on the report and recommendation of the Special Committee, the Board had refused the Demand.

On March 27, 2013, Plaintiff filed a shareholder derivative action on behalf of Nominal Defendant NCR in the Superior Court of Gwinnett County, captioned *Williams v. Nuti, et al.*, Case No. 13A02709-2 (the "Action"), alleging that the Demand was wrongfully refused and asserting a claim for breach of fiduciary duty against the Individual Defendants.  On April 26, 2013, the Defendants removed the Action to the United States District Court for the Northern District of Georgia, Atlanta Division, captioned *Williams v. Nuti, et al.*, Case No. 1:13-cv-01400-SCJ, where the case is currently pending.  The Individual Defendants have denied and continue to deny each and every one of the claims and contentions alleged in the Action and contend that the claims asserted against them are without merit.  NCR has also denied and continues to deny the claims in the Action.  NCR believes that the Individual Defendants at all relevant times acted in good faith, with due care, and in the best interests of NCR and its shareholders.

Beginning in or around May 2013 and continuing for several months, the Parties engaged in arm's-length, good faith negotiations to resolve the Action through settlement, including an in-person settlement conference.  As part of those negotiations, the Parties discussed certain proposed corporate compliance enhancements in place at NCR, or to be adopted and/or implemented by NCR.  On

October 22, 2013, the Parties jointly informed the Court that they had reached a settlement in principle and requested that the Court administratively stay the Action while the necessary documents and procedures for a final settlement agreement were completed. The Court granted the Parties' request and administratively stayed the Action for a period not to exceed ninety (90) days.

After the conclusion of confirmatory discovery and further negotiations, the Parties executed the Stipulation. The terms and conditions of the Settlement are fully set forth in the Stipulation, which has been filed with the Court. A summary of the Settlement terms are set forth below.

## III.   THE SETTLEMENT

### A. The Terms of the Settlement

In connection with the Settlement of the Action, and as part of NCR's ongoing efforts to enhance its corporate compliance practices, NCR has implemented or, to the extent NCR has not done so, will implement the enhancements set forth at Exhibit D of the Stipulation, the "Terms of Remediation." In summary, these measures provide for: (1) continued trade compliance training for NCR employees, with targeted training for NCR's export control managers and other personnel having a touchpoint with trade compliance; (2) quarterly testing to assess the effectiveness of trade compliance processes and continued quarterly reporting of any substantial compliance issues to the Directors

& Governance Committee; (3) enhanced capability to track corporate structures and subsidiaries; (4) implementation of an automated, dynamic screening process that allows the Company to screen for individuals and companies with which the U.S. government has generally prohibited dealings or export transactions; (5) enhanced tracking of trade compliance issues; (6) development and deployment of a China-specific supplement to the Company's existing corporate policies related to gifts, travel, and entertainment; (7) initiation of a process for tracking the aggregate annual amount spent on gifts for certain government customers; and (8) FCPA training made available to NCR's distributors and resellers worldwide.

NCR agrees to maintain the Terms of Remediation for a period of three (3) years after the Effective Date, subject to certain conditions.  NCR acknowledges that the Terms of Remediation strengthen NCR's existing compliance program and capabilities.  NCR also acknowledges that settlement of the Action and the Terms of Remediation provide a substantial benefit to NCR and its shareholders and that the initiation, prosecution, and settlement of the Action were contributing factors in the adoption and agreement to maintain for a period of three (3) years the Terms of Remediation.

### B. The Effect of the Settlement:  Releases and Dismissal of the Action

Upon the Effective Date, Plaintiff, NCR, and Current NCR Shareholders will be deemed to have, and by operation of the Judgment will have, fully, finally,

and forever released, relinquished, and discharged the Released Claims against the Released Persons, and each of the Released Persons will be deemed to have, and by operation of the Judgment will have, fully, finally, and forever released, relinquished, and discharged Plaintiff, Plaintiff's counsel, and NCR from all claims (including Unknown Claims) arising out of, or relating to, or in connection with the institution, prosecution, settlement, or resolution of the Action or the Demand. In connection with the Court's approval of the Settlement, the Settling Parties will jointly request entry of the Judgment by the Court, dismissing with prejudice all claims alleged by Plaintiff against the Individual Defendants in the Action.

### C. The Fee Award

Upon Court approval, an aggregate amount of $500,000 will be paid to Plaintiff's Counsel for their attorneys' fees and reimbursement of expenses (the "Fee Award," the terms of which are detailed in Sections 4.1, 4.2, and 4.3 of the Stipulation). The Parties agree that this Fee Award is fair and reasonable in light of the benefits conferred upon NCR and Current NCR Shareholders as a result of the Terms of Remediation. Payment of the Fee Award in the amount approved by the Court will constitute final and complete payment for Plaintiff's Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the issuance of the Demand, the filing and prosecution of the Action, and the resolution of the claims alleged therein.

**D.     Reasons for the Settlement**

Plaintiff believes that the Settlement, as set forth in the Stipulation, confers substantial benefits upon NCR and its shareholders. Prior to issuing the Demand and initiating the Action, and as part of confirmatory discovery and the settlement process, Plaintiff's counsel conducted an investigation into the substance of the allegations and claims asserted, including the review of thousands of pages of documents produced confidentially by the Defendants or obtained from publicly available sources, being apprised generally of pertinent facts known to the Company after counsel for NCR and the Special Committee conducted investigations into the allegations raised in Plaintiff's complaint, and analyzing applicable case law and other authorities. While Plaintiff believes that the claims asserted in the Derivative Action have merit, Plaintiff and Plaintiff's Counsel recognize and acknowledge the risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and, potentially, through appeals. Plaintiff and Plaintiff's Counsel have also taken into account the inherent problems of proof under, and possible defenses to, the claims asserted in the Action. Based on a thorough investigation and evaluation of the facts and analysis of applicable law, Plaintiff's Counsel and Plaintiff have determined that the proposed Settlement is fair, reasonable, adequate, and in the best interests of NCR and the Current NCR Shareholders.

The Individual Defendants have denied and continue to deny any liability, wrongdoing, or knowledge with respect to any and all claims and contentions alleged in the Action, the Demand, or otherwise by Plaintiff or Plaintiff's Counsel. NCR has also denied and continues to deny the claims in the Action. Nonetheless, the Defendants have concluded that further litigation of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Moreover, the Defendants believe the proposed Settlement is in the best interests of NCR and its shareholders because the Settlement will eliminate the substantial burden, expense, inconvenience, and distraction of continued litigation and will dispel any uncertainty that may exist as a result of the pendency of the Action.

## IV.   THE SETTLEMENT HEARING

The Settlement Hearing will be held before the Honorable Steve C. Jones on _____, 2014 at _____ __.m. in the United States District Court for the Northern District of Georgia, located in Courtroom __ of the Richard B. Russell Federal Building and Courthouse, 75 Spring Street, SW, Atlanta, Georgia 30303, (i) to determine whether the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interests of NCR and the Current NCR Shareholders; (ii) to determine whether the Judgment should be entered dismissing the Action with prejudice, releasing the Released Claims, and enjoining and/or

barring prosecution of any and all Released Claims; (iii) to determine whether the Fee Award should be approved; and (iv) to consider such other matters as may properly come before the Court.  The Settlement Hearing may be continued by the Court at the Settlement Hearing, or at any adjourned session thereof without further notice to Current NCR Shareholders.

## V. THE RIGHT TO OBJECT AND/OR BE HEARD AT THE SETTLEMENT HEARING

Any Current NCR Shareholder may object and/or appear and show cause, if he, she, or it has any concerns, why the Settlement should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee Award should not be finally approved; <u>provided, however</u>, unless otherwise ordered by the Court, no Current NCR Shareholder will be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee Award, unless that shareholder has, ***at least fourteen (14) calendar days prior to the Settlement Hearing***: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of NCR common stock through the date of the Settlement Hearing, including the number of shares of NCR common stock held by the shareholder and the date(s) of purchase; and (c) any documentation in support of such objection; and (2) if a Current NCR Shareholder intends to appear and requests to be heard at the

Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony.

If a Current NCR Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve (either by hand delivery or by first-class mail) copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court upon each of the following:

| **Plaintiff's Counsel** | **Defense Counsel** |
|---|---|
| Michael J. Hynes<br>Ligaya T. Hernandez<br>FARUQI & FARUQI, LLP<br>101 Greenwood Avenue, Suite 600<br>Jenkintown, PA  19046<br>Telephone:  (215) 277-5770 | John G. Despriet<br>WOMBLE CARLYLE SANDRIDGE & RICE, LLP<br>271 17th Street, NW, Suite 2400<br>Atlanta, Georgia  30363-1017<br>Telephone:  (404) 872-7000 |
| Marshall Dees<br>HOLZER & HOLZER, LLC<br>200 Ashford Center North, Suite 300<br>Atlanta, Georgia  30338<br>Telephone:  (770) 392-0090 | |

Any Current NCR Shareholder who does not make his, her, or its objection in the manner provided herein will be deemed to have waived such objection and will forever be foreclosed from making any objection to the fairness,

15

reasonableness, or adequacy of the Settlement or the Fee Award, unless otherwise ordered by the Court, but will otherwise be bound by the Judgment to be entered and the releases to be given.

## VI.   CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation. If, for any reason, any one of the conditions described in the Stipulation is not met and the Effective Date does not occur, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions in the Action as of the date before the Stipulation was fully executed.

## VII.  INQUIRIES & REQUESTS FOR ADDITIONAL INFORMATION

This Notice contains only a summary of the terms of the Settlement. For a more detailed statement of the matters involved in the Action, reference is made to the Stipulation, which may be inspected at the Office of the Clerk, United States District Court for the Northern District of Georgia located at the Richard B. Russell Federal Building and Courthouse, 75 Spring Street, SW, Atlanta, Georgia, 30303, during business hours of each business day. Any other inquiries regarding the Settlement or the Action should be directed to Plaintiff's Counsel:

   Michael J. Hynes
   Ligaya T. Hernandez
   FARUQI & FARUQI, LLP
   101 Greenwood Avenue, Suite

600
Jenkintown, PA  19046
Telephone:  (215) 277-5770

Marshall Dees
HOLZER & HOLZER, LLC
200 Ashford Center North, Suite 300
Atlanta, Georgia  30338
Telephone:  (770) 392-0090

**PLEASE DO NOT TELEPHONE THE COURT OR NCR REGARDING THIS NOTICE.**