# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SHARON WILLIAMS, derivatively, on behalf of NCR CORPORATION, ) ) ) | |
| Plaintiff, ) ) ) | CASE NO. 1:13-CV-01400-SCJ |
| v. ) ) | |
| WILLIAM R. NUTI, ROBERT FISHMAN, JENNIFER DANIELS, EDWARD P. BOYKIN, RICHARD L. CLEMMER, GARY DAICHENDT, ROBERT P. DeRODES, and LINDA FAYE LEVINSON, ) ) ) ) ) ) ) ) | |
| Defendants, ) ) | |
| -and- ) ) | |
| NCR CORPORATION, ) ) ) | |
| Nominal Defendant. ) ) | |

**SUMMARY NOTICE OF SETTLEMENT OF NCR CORPORATION DERIVATIVE ACTION AND SETTLEMENT HEARING**

**TO: ALL OWNERS OF NCR CORPORATION ("NCR" OR THE "COMPANY") COMMON STOCK AS OF JANUARY 22, 2014 ("CURRENT NCR SHAREHOLDERS").**

YOU ARE HEREBY NOTIFIED that the parties to the above-captioned derivative action, as set forth in *Williams v. Nuti et al.*, Civil Action No. 1:13-cv-

01400-SCJ (the "Action"), have reached a settlement (the "Settlement") to resolve the issues raised in the Action. The parties have entered into a Stipulation of Settlement (the "Stipulation") setting forth the terms of the Settlement. The Settlement, if approved by the Court, would fully, finally and forever resolve the Action on the terms set forth in the Stipulation.

The Action and Settlement address claims alleging that certain current directors and officers of NCR breached their fiduciary duties by knowingly causing or allowing NCR to violate the Foreign Corrupt Practices Act ("FCPA") and/or various federal trade restrictions and sanctions. As part of the Settlement, NCR has implemented or, to the extent NCR has not done so, will implement certain corporate compliance enhancements as specifically set forth at Exhibit D of the Stipulation. The Individual Defendants have denied, and continue to deny, all allegations of wrongdoing and that they have any liability on the claims asserted in the Action. NCR also has denied and continues to deny the claims in the Action.

PLEASE BE FURTHER ADVISED that pursuant to an Order of the United States District Court for the Northern District of Georgia (the "Court"), a hearing (the "Settlement Hearing") will be held before the Honorable Steve C. Jones on _____, 2014 at __.m. in Courtroom __ of the Richard B. Russell Federal Building and Courthouse, 75 Spring Street, SW, Atlanta, Georgia 30303 (i) to determine whether the terms and conditions of the Settlement are fair,

2

reasonable, adequate, and in the best interests of NCR and the Current NCR Shareholders; (ii) to determine whether the Judgment should be entered dismissing the Action with prejudice, releasing the Released Claims, and enjoining and/or barring prosecution of any and all Released Claims; (iii) to determine whether the Fee Award should be approved; and (iv) to consider such other matters as may properly come before the Court.  The Settlement Hearing may be continued by the Court at the Settlement Hearing, or at any adjourned session thereof without further notice to Current NCR Shareholders.

A detailed Notice of Settlement of NCR Corporation Derivative Action and Settlement Hearing ("Notice") describing in greater detail the Action, the proposed Settlement, and the rights of Current NCR Shareholders with regard to the Settlement is available on NCR's website at *https://www.ncr.com*.  The full terms of the Stipulation may be inspected at the Office of the Clerk of the United States District Court for the Northern District of Georgia located at the Richard B. Russell Federal Building and Courthouse, 75 Spring Street, SW, Atlanta, Georgia 30303, during regular business hours of each business day.

If you are a Current NCR Shareholder, your rights to pursue certain derivative claims on behalf of NCR may be affected by the Settlement.  A Current NCR Shareholder wishing to assert an objection to the Settlement must, ***at least fourteen (14) calendar days prior to the Settlement Hearing***, (1) file with the

Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of NCR common stock through the date of the Settlement Hearing, including the number of shares of NCR common stock held by the shareholder and the date(s) of purchase; and (c) any documentation in support of such objection; and (2) if a Current NCR Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony.  Copies of any such filings must also simultaneously be served (either by hand delivery or by first-class mail) on the parties' counsel of record as set forth in the Notice posted on NCR's website.

Current NCR Shareholders have the right to object to the Settlement in the manner provided herein, and failure to object in the manner provided in the Notice *at least fourteen (14) calendar days prior to the Settlement Hearing* will be deemed a waiver of all objections.  Any Current NCR Shareholder who fails to properly object will be bound by the Judgment to be entered and the releases to be given, unless otherwise ordered by the Court.

4

Any inquiries regarding the Settlement or the Action should be directed to Plaintiff's Counsel:

Michael J. Hynes
Ligaya T. Hernandez
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA  19046
Telephone:  (215) 277-5770

Marshall Dees
HOLZER & HOLZER, LLC
200 Ashford Center North, Suite 300
Atlanta, Georgia  30338
Telephone:  (770) 392-0090

**PLEASE DO NOT TELEPHONE THE COURT OR NCR REGARDING THIS NOTICE.**