# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SHARON WILLIAMS, derivatively, on behalf of NCR CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| ) | CASE NO. 1:13-CV-01400-SCJ |
| v. ) ) | |
| WILLIAM R. NUTI, ROBERT FISHMAN, JENNIFER DANIELS, EDWARD P. BOYKIN, RICHARD L. CLEMMER, GARY DAICHENDT, ROBERT P. DeRODES, and LINDA FAYE LEVINSON, ) ) ) ) ) ) ) | |
| Defendants, ) ) | |
| -and- ) ) | |
| NCR CORPORATION, ) ) | |
| Nominal Defendant. ) _____ ) | |

**[Proposed] ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING NOTICE OF SETTLEMENT, AND SETTING SCHEDULE**

WHEREAS, the parties to the above-captioned derivative action (the "Action") have applied, pursuant to Federal Rule of Civil Procedure 23.1, for an Order to approve the proposed settlement of the Action (the "Settlement") in

accordance with the Stipulation of Settlement entered into by the Settling Parties dated as of January 22, 2014 (the "Stipulation"), and for dismissal of the Action with prejudice upon the terms and conditions set forth in the Stipulation.

NOW, THEREFORE, the Court having read and considered the Stipulation and accompanying documents, and all Settling Parties to the Stipulation having consented to the entry of this Order, **IT IS HEREBY ORERED** as follows:

1. Except for the terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

2. The Settlement appears to be the product of informed and non-collusive negotiations, has no obvious deficiencies, provides substantial value to NCR Corporation ("NCR"), and falls within the range of possible approval, and, therefore merits the Court's further consideration.

3. The Court preliminarily finds that the Settlement is fair, reasonable, adequate, and in the best interests of NCR and the Current NCR Shareholders.

4. The Court has scheduled a Settlement Hearing to be held on _____, at ____[a.m./p.m.], at the United States District Court for the Northern District of Georgia located in the Richard B. Russell Federal Building and Courthouse, 75 Spring Street, SW, Atlanta, Georgia 30303, in Courtroom __, to consider:

    a. whether the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interests of NCR and the Current NCR Shareholders and whether there are any objections to the Settlement;

    b. whether the Judgment in the form provided for in Exhibit A to the Stipulation should be entered dismissing the Action with prejudice, releasing the Released Claims, and enjoining and/or barring prosecution of any and all Released Claims;

    c. whether Plaintiff's Counsel's agreed-to Fee Award should be finally approved; and

    d. Such other relief as the Court deems necessary and appropriate.

5. The Court reserves the right to adjourn the Settlement Hearing or modify any of the dates set forth herein without further notice to the Current NCR Shareholders.

6. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Settling Parties, if appropriate, without further notice to the Current NCR Shareholders.

7. The Court approves, as to form and content, the Notice of Settlement of NCR Corporation Derivative Action and Settlement Hearing (the "Notice") and

the Summary Notice of Settlement of NCR Corporation Derivative Action and Settlement Hearing (the "Summary Notice") attached as Exhibits B and C, respectively, to the Stipulation, and finds that publication of the Notice on NCR's website and publication of the Summary Notice once in the *Investor's Business Daily* meets the requirements of Federal Rule of Civil Procedure 23.1(c), the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and any other applicable laws, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8. No later than ten (10) business days after entry of this Order, NCR shall cause a copy of the Summary Notice to be published once in the *Investor's Business Daily* and a copy of the Notice to be published until the date of the Settlement Hearing on NCR's website.

9. All costs incurred in publishing the Notice and Summary Notice shall be paid by NCR.

10. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation and the Settlement, are hereby stayed and suspended until further Order of this Court. Pending final determination of whether the Settlement should be approved, no

Current NCR Shareholder, either directly, representatively, or in any other capacity, shall commence, instigate, prosecute, or participate in any way in the commencement, instigation, or prosecution of any action asserting any Released Claim against any Released Person.

11. All papers in support of the Settlement and/or the Fee Award shall be filed with the Court and served at least twenty-one (21) days prior to the Settlement Hearing.

12. Any Current NCR Shareholder may object and/or appear and show cause, if he, she, or it has any concerns, why the Settlement should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee Award should not be finally approved; <u>provided, however</u>, unless otherwise ordered by the Court, no Current NCR Shareholder will be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee Award, unless that shareholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of NCR common stock through the date of the Settlement Hearing, including the number of shares of NCR common stock held by the shareholder and the date(s) of

purchase; and (c) any documentation in support of such objection; and (2) if a Current NCR Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony.

13. If a Current NCR Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve (either by hand delivery or by first-class mail) copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court upon each of the following:

| **Plaintiff's Counsel** | **Defense Counsel** |
|---|---|
| Michael J. Hynes<br>Ligaya T. Hernandez<br>FARUQI & FARUQI, LLP-PA<br>101 Greenwood Avenue, Suite 600<br>Jenkintown, PA  19046<br>Telephone:  (215) 277-5770 | John G. Despriet<br>WOMBLE CARLYLE SANDRIDGE & RICE, LLP<br>271 17th Street, NW, Suite 2400<br>Atlanta, Georgia  30363-1017<br>Telephone:  (404) 872-7000 |
| Marshall Dees<br>HOLZER HOLZER, LLC<br>200 Ashford Center North, Suite 300<br>Atlanta, Georgia  30338<br>Telephone:  (770) 392-0090 | |

14. Any Current NCR Shareholder who does not make his, her, or its objection in the manner provided herein will be deemed to have waived such objection and will forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee Award, unless otherwise ordered by the Court, but will otherwise be bound by the Judgment to be entered and the releases to be given.

15. If a Current NCR Shareholder files a written objection and/or a written notice of intent to appear as described in Paragraph 12 above, Plaintiff and/or Defendants shall file with the Court any briefs in response to these submissions no later than seven (7) calendar days prior to the Settlement Hearing.

16. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

IT IS SO ORDERED, this \_\_\_\_ day of _____, 2014.

_____
HON. STEVE C. JONES
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA